IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RONALD WALKER, et al.,  )  | |
| ) | |
| Petitioners,  ) | |
| ) | |
| v.  ) | No. 07-3327 |
| ) | |
| LARRY PHILLIPS,  ) | |
| ) | |
| Respondent.  ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Petitioners' request to proceed as a representative action. Petitioners Ronald Walker, Steven Steward, Anthony Collins, Ricky Wilcoxen, and Harold Lee Tiney-Bey are in the custody of the Illinois Department of Human Services (DHS) pursuant to the Illinois Sexually Violent Persons Act. 725 ILCS 207/1. They are being held at the Rushville, Illinois, Treatment and Detention Facility (Rushville Facility). Petitioners filed a habeas corpus petition in which they sought relief for themselves and all other similarly situated persons. Emergency Petition for Writ of Habeas Corpus (d/e 2). The Court directed the parties to address, as an initial matter, whether the Petition

1

could proceed as a representative action for all persons committed under the Act at the Rushville Facility. Opinion entered December 17, 2007 (d/e 3). The parties have now responded.

This Court recently addressed this same issue in an action brought by other persons committed to the Rushville Facility under the Act. Morris v. Thomas, 2007 WL 2683832 (C.D. Ill. 2007). This Court concluded that habeas petitions could not proceed as representative actions because the claims would not be cohesive and because a representative action would work significant hardships on members of the class. Id., at *1-*2. Each petitioner can only file one habeas petition without securing permission from the Court of Appeals. 28 U.S.C. § 2244(b). That means that persons in the Rushville Facility who previously filed habeas petitions cannot participate in the proceeding without first securing permission from the Court of Appeals. Thus, the Petitioners cannot represent those individuals. Also, all of the potential habeas claims of each person held at the Rushville Facility must be included in this action or else the claim would be lost; each person could not bring a successive habeas petition to raise an omitted claim without the permission from the Court of Appeals. The result is a representative action that would be unworkable because either: (1) the

individual members of the class would be prejudiced because they would have to give up their individual claims for habeas relief; or (2) the individual claims of the members of the class would predominate over the class claims. See Morris, 2007 WL 2683832, at *2.

THEREFORE, Petitioners may not proceed as an action on behalf of all similarly situated individuals, but may only proceed with their own individual claims for habeas relief.  Respondent indicates that Petitioners Walker, Steward, Collins, and Wilcoxen may not have exhausted their state remedies because their commitment actions are not final.  Response (d/e 8), at 5.  Respondent also indicates that Petitioner Tiney-Bey has already filed a federal habeas petition and has not secured permission of the Court of Appeals to file this action.  Id., at 6.  Respondent is directed to file a motion to dismiss putting these matters at issue by April 30, 2008.  Petitioners will have until May 31, 2008, to respond to such a motion.

IT IS THEREFORE SO ORDERED.

ENTER:   March 31, 2008

       FOR THE COURT:

                                  s/ Jeanne E. Scott
                                  JEANNE E. SCOTT
                                  UNITED STATES DISTRICT JUDGE