**E-FILED**
Wednesday, 03 December, 2008  02:05:46 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RONALD WALKER et al., | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | No.  07-3327 |
| | ) | |
| LARRY PHILLIPS, Director, | ) | |
| Rushville Treatment and | ) | |
| Detention Facility, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Respondent's Motion to Dismiss (d/e 12).  For the reasons set forth below, the Motion is allowed.

## STATEMENT OF FACTS

Petitioners Ronald Walker, Steven Steward, Anthony Collins, Ricky Wilcoxin, and Harold L. Tiney-Bey are all currently being involuntarily civilly detained or committed under the Illinois Sexually Violent Persons Act (Act).  725 ILCS 207/1 et seq.  Emergency Writ of Habeas Corpus (d/e 2) (Petition), at 2.  Petitioners allege that they are in fact imprisoned by the state in a maximum security prison in violation of their rights.  Id., at 7-12.

Petitioners claim that this imprisonment violates their rights against ex post facto laws and double jeopardy.  Id., at 12.

ANALYSIS

Petitioners seek habeas relief claiming that they are being imprisoned in violation of their rights.  Petitioner Tiney-Bey filed a prior habeas petition that was denied.  This Court lacks jurisdiction to hear his petition until he secures permission from the Court of Appeals to file a successive petition.  28 U.S.C. § 2244(b)(3)(A).  Petitioner Tiney-Bey's Petition is dismissed.

On the merits, Petitioners Walker, Steward, Collins, and Wilcoxin are making an "as applied" challenge to the conditions of their ongoing custody; they allege that the Respondent is, in fact, punishing them as criminals rather than detaining them in accordance with the Act.  The Supreme Court has determined that habeas relief is not available to civilly committed persons who are making an "as applied" challenge to their custody.  Seling v. Young, 531 U.S. 250, 264-65 (2001).  The Petitioners have been civilly committed under the Act.  See In re Detention of Varner, 207 Ill.2d 425, 432-33, 800 N.E.2d 794, 798-99 (Ill. 2003) (upholding civil commitment under the Act).  Thus, on the merits, they are not entitled to habeas relief

2

on their claims.  Their claims are dismissed with prejudice.

THEREFORE, Respondent's Motion to Dismiss (d/e 12) is ALLOWED.  The Emergency Petition for Writ of Habeas Corpus (d/e 2) of Harold L. Tiney-Bey is dismissed for lack of jurisdiction.  The Emergency Petition for Writ of Habeas Corpus (d/e 2) of Ronald Walker, Steven Steward, Anthony Collins, and Ricky Wilcoxin is dismissed with prejudice. All pending motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   December 3, 2008

FOR THE COURT:

s/  Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE